UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN GREGORY STUHAAN,

        Plaintiff,

   v.

CITY OF VISALIA, et al.,

        Defendants.

Case No. 1:16-cv-00901-AWI-BAM

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF THIS ACTION
FOR FAILURE TO OBEY A COURT ORDER
AND FAILURE TO PROSECUTE

(Doc. 12)

FOURTEEN-DAY DEADLINE

## I.    Background

Plaintiff John Gregory Stuhaan, proceeding with counsel, filed the instant civil rights action on June 22, 2016.  (Doc. 1.)  On June 23, 2016, summonses and civil new case documents were issued, and the Court set an initial scheduling conference for September 29, 2016.  (Docs. 4, 5, 6.)  Due to the press of business, the Court continued the initial scheduling conference to October 5, 2016.  (Doc. 7.)

Plaintiff failed to appear at the initial scheduling conference.  (Doc. 8.)  Therefore, the Court issued an order for Plaintiff's counsel to show cause why sanctions should not be imposed for the failure to appear at the mandatory scheduling conference, along with the failure to effectuate service.  (Doc. 9.)

On October 17, 2016, Plaintiff's counsel responded to the Court's order, explaining that

he did not appear at the scheduling conference or effectuate service because (1) there is a related criminal matter pending in Tulare County, and (2) counsel has been diagnosed with cancer, and his treatment has been aggressive and all encompassing. Counsel further indicated that he is a solo practitioner and has sought the assistance of two other attorneys for help with the criminal and civil actions. Plaintiff therefore requested a 90 to 120-day stay of this action. (Doc. 10.)

On October 19, 2016, based on counsel's response, the Court discharged the order to show cause, granted a 120-day stay of this action, and directed Plaintiff to file a written status report detailing the status of this action and the related criminal matter no later than February 1, 2017. (Doc. 11.) No status report was filed.

On April 6, 2017, the Court issued an order directing Plaintiff to file a written status report detailing the status of this action and the related criminal matter within seven (7) days. Plaintiff was warned that if he failed to comply with the order, the action may be dismissed without further notice based on the failure to comply and the failure to prosecute this action. (Doc. 12.) To date, Plaintiff has not filed a status report or otherwise responded to the Court's order.

## II.    Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

2

of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that Plaintiff intends to prosecute this action.  The initial 120-day stay has expired, and Plaintiff has failed to apprise this Court of the status of the related criminal matter and has not otherwise contacted the Court.  Although the Court recognizes the difficulties posed by counsel's health, this action cannot remain idle on the Court's docket indefinitely.  Other attorney's referenced by counsel could have provided a status to the Court. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order directing Plaintiff to file a status report was clear that if Plaintiff failed to comply, this action may be dismissed based on Plaintiff's failure to comply with court orders and failure to prosecute this action.  (Doc 12.)  Further, evidentiary or other sanctions are of little value given Plaintiff's wholesale failure to contact this Court or respond in compliance with the Court's orders.

**III.    Conclusion and Recommendation**

Based on the above, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** based on Plaintiff's failure to obey a court order and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 18, 2017**__          ____/s/ *Barbara A. McAuliffe*____

UNITED STATES MAGISTRATE JUDGE